CLERK'S OFFICE
U.S. DISTRICT COURT
AT ROANOKE, VA
FILED
January 08, 2025
LAURA A. AUSTIN, CLERK
BY: s/ M.Poff, Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOSHUA D. VANOVER, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24CV00556 |
| ) | |
| v. ) | |
| ) | |
| MAJOR BRIAN PARKS, ET AL., ) | |
| ) | |
| Defendants. ) | |
| | |
| JULLIAN A. HUFFMAN, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:24CV00561 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| MAJOR BRIAN PARKS, ET AL., ) | JUDGE JAMES P. JONES |
| ) | |
| Defendants. ) | |

*Joshua D. Vanover, Jullian A. Huffman, Pro Se Plaintiffs.*

The plaintiffs in these two separate civil actions, Virginia inmates proceeding pro se, filed a joint civil rights action pursuant to 42 U.S.C. § 1983. The court severed their claims into the above-referenced, separate civil actions. After review of the Complaint in both actions, I conclude that the cases must be summarily dismissed.

The Complaint in both actions alleges the following brief facts in support of the plaintiffs' § 1983 claims:

> We the Plaintiff's [sic] have reason to believe that the Duffield Regional Jail [the jail] is exposing us to lead and/or any other toxic chemical substance through the drinking water system.

Compl. 3, ECF No. 1. As relief, both plaintiffs seek monetary compensation and improvement in the jail's drinking water standards.

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss any § 1983 action "with respect to prison conditions . . . if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted." Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

The Eighth Amendment "imposes a duty on prison officials to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care." *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th

Cir. 2016).[1] Accordingly, an Eighth Amendment claim arises when "a prison official's act or omission . . . result[s] in the denial of the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Under § 1983, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

The plaintiffs in these two cases simply fail to state any facts to support their conclusory assertion that the defendants knowingly exposed them to drinking water that contains unhealthy levels of lead. The plaintiffs mention no ill effects they have suffered while consuming the drinking water provided at the jail and fail to present any evidence that the water does not satisfy officially recognized drinking water standards. In short, the factual allegations in the plaintiffs' Complaints utterly fail to support any plausible claim that living conditions at the jail have violated their constitutional rights. Therefore, I will summarily dismiss the claims against the jail medical department without prejudice under 42 U.S.C. § 1997e(c)(1) for failure to state a claim.

Moreover, the plaintiffs do not allege any personal involvement in the incident by Defendants Parks and Herron. The Complaints in both cases merely name these

---

[1] I have omitted internal quotation marks, alterations, and/or citations here and throughout this Opinion, unless otherwise noted.

individuals in the caption of the Complaint. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Lewis-Bey v. Wilson*, No. 3:17CV763, 2019 WL 4889261, at *3 (E.D. Va. Oct. 3, 2019) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)). Thus, I must also summarily dismiss all claims against these individuals.

For the reasons stated, I will summarily dismiss this civil action without prejudice pursuant to § 1997e(c)(1). An appropriate order will be entered this day. Such a dismissal leaves the plaintiffs free to refile their claims in new and separate civil actions if they can correct the deficiencies described in this opinion.

      DATED: January 8, 2025

      /s/ JAMES P. JONES
      Senior United States District Judge